**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
Michael Ayers, Esq. (NV Bar No.10851)
michael.ayers@qpwblaw.com
Sarah B. Hartig, Esq. (NV Bar No. 10070)
sarah.hartig@qpwblaw.com
3740 Lakeside Drive, Ste. 202
Reno, Nevada 89509
Telephone: 775-322-4697
Facsimile: 775-322-4698
*Attorneys for Defendant*
*WALMART, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEAH JENNINGS, individually,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART, INC., a foreign corporation dba WALMART SUPERCENTER #2593; WAL-MART STORES, INC., a foreign corporation; DOES 1-10, and ROE CORPORATIONS 1-10, inclusive,<br><br>    Defendants. | Case No: 2:25-cv-00031-JAD-BNW<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this action, Plaintiff LEAH JENNINGS, by and through her counsel Justin Corne, Esq. and Brock Ohlson, Esq. of OHLSON CORNE, LLP, and Defendant WALMART, INC., by and through its counsel Michael R. Ayers, Esq. and Sarah Hartig, Esq. of Quintairos, Prieto, Wood & Boyer, P.A., hereby stipulate and request that the Court enter a stipulated protective order as follows:

1.      This Stipulated Protective Order shall govern the disclosure and use of the parties' confidential or proprietary information in this litigation ("Confidential Material"), specifically including information subject to data protection laws or other privacy obligations and nonpublic financial and personal information, contracts, and business information.

2.      **Designation.** Confidential Material should be marked as "Confidential" by the producing party. Confidential Material disclosed at a deposition may be designated as confidential by indicating on the record that the information is confidential or by notifying the court reporter and



other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. Until the expiration of such 15-business-day period, the entire transcript shall receive confidential treatment.

3. **Protection of Confidential Material.** Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit. Confidential Material shall be disclosed only to counsel for each party and their staff, the Court and its staff, the parties and employees of parties to whom disclosure is necessary in connection with this action, and such witnesses in the case (including consulting and testifying experts) as may reasonably be necessary in this action. Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation. The parties may redact information that is privileged or protected from discovery, Confidential Material, and sensitive, non-relevant information, including non-relevant financial and personally identifiable information. The provisions of this Order shall not affect, and this Order does not limit, the admissibility of Confidential Material as evidence at trial, or during a hearing or similar proceeding in this action.

4. **Clawback.** The production of Confidential Material, privileged or work-product protected material, whether inadvertent or otherwise, is not a waiver of confidentiality, privilege, or protection from discovery. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d). A producing party may give written notice asserting a claim of confidentiality, privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document and shall not review or use that document, or any work product containing information taken from that document, for any purpose.

5. **Challenges by a Party to Designation as Confidential Material.** A party or interested member of the public may move the Court to modify the confidentiality designation of any documents or information after first attempting to resolve any dispute with the producing party's counsel. The burden shall be on the party seeking to modify the designation to show that the producing party's designation is inappropriate.



6.      **Filing of Confidential Material.** A party that seeks to file any Confidential Material must comply with LR IA 10-5. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.

7.      **Use of Confidential Material at Trial.** Nothing in this Order limits the admissibility of Confidential Material as evidence or hearing in this action. Prior to using Confidential Material at any hearing that is open to the public, a party must give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Material so that the designating party may seek an appropriate order to protect the Confidential Material.

8.      **Demands for Confidential Material.** If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was received as Confidential Material, the party shall give prompt written notice within five (5) business days of receipt of such Demand to the party who designated the Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party who produced or designated the Confidential Material.

9.      **Obligations at Conclusion of Litigation.** This Order shall remain in full force and effect throughout and after the conclusion of this litigation until such time as it is modified, amended, or rescinded by the Court. Within thirty (30) days of final resolution of this litigation, each party or non-party shall either destroy all Confidential Material or return it to counsel for the disclosing party. Counsel for parties shall, upon request, certify compliance with this paragraph. Notwithstanding this provision, outside counsel is entitled to retain an archival copy of filings, depositions, and deposition exhibits.

10.     Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

/ / /

/ / /




1       IT IS SO STIPULATED.

2   Dated this 24th day of June, 2025.          Dated this 24th day of June, 2025.

3   **OHLSON CORNE, LLP**                       **QUINTAIROS, PRIETO, WOOD & BOYER,
                                                P.A**.
4

5   */s/ Justin A. Corne*                       *s/ Sarah B. Hartig*

6   _____            _____
    Brock K. Ohlson, Esq. (NV Bar 12262)        Michael R. Ayers, Esq. (NV Bar 10851)
7   Justin A. Corne, Esq. (NV Bar 14504)        Sarah B. Hartig, Esq. (NV Bar 10070)
    6060 Elton Avenue                           3740 Lakeside Drive, Ste. 202
8   Las Vegas, Nevada 89107                     Reno, Nevada 89509
    *Attorneys for Plaintiff*                    *Attorneys for Defendant*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

**ORDER**

2   The terms of the above Stipulation for a Protective Order by and between Plaintiff LEAH

3 JENKINS and Defendant WALMART INC., by and through their respective counsel, shall hereby

4 be the ORDER of this Court.

5

6 <u>6/26/2025  </u>      <u>      </u>
 DATE           UNITED STATES MAGISTRATE JUDGE

7

8

9 Respectfully Submitted:

10 **QUINTAIROS, PRIETO, WOOD**
  **& BOYER, P.A.**

11

12 */s/ Sarah B. Hartig*

13 <u>          </u>
 Michael Ayers, Esq. (NV Bar No.10851)
 Sarah B. Hartig, Esq. (NV Bar No. 10070)

14 3740 Lakeside Dr., Ste. 202
 Reno, Nevada 89509

15 *Attorneys for Defendant Walmart, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

